IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,               )<br>                                                      )<br>           Plaintiff,                           )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>                                                      )<br>Darryl Lee James, Jr.,                  )<br>                                                      )<br>           Defendant.                         )<br>_____) | CR03-900-PCT-MHM<br><br>**ORDER** |

Currently before the Court is Defendant's Motion for reconsideration (Dkt. #81) of the Court's order denying Defendant's Motion to dismiss counts 3, 4, 5, 6, 10, 11 and 12 of the Indictment. (Dkt#48). Having reviewed the pleadings and hearing oral argument on January 23, 2006, the Court issues the following order.

**I.     Background**

Defendant was charged as a juvenile in connection with an alleged crime spree on the Navajo Indian Reservation. An Amended Information listed the charges as: (identified by number listed in the indictment) (1) First Degree Murder; (2) Gun count on the First Degree Murder; (7) Aggravated sexual abuse against a minor; (8) Gun count on aggravated sexual abuse charges; and (9) Aggravated sexual abuse against a minor.

On August 22, 2003, the District Court transferred Defendant to adult prosecution. After the transfer, the government secured an indictment, adding the following charges to the original five charges: (3) Felony Murder; (4) Firearms count for Felony Murder; (5) Robbery;

(6) Firearms count for Robbery; (10) Firearms count for aggravated sexual abuse; (11) Assault with a dangerous weapon; (12) Firearms count for assault with a dangerous weapon.

On February 13, 2004, Defendant moved to dismiss the newly added charges of the indictment on the basis that they were filed in violation of the Federal Juvenile Delinquent Act ("FJDA"), 18 U.S.C. § 5032. The Court denied the Motion. (Dkt. #48). On December 29, 2004, Defendant filed his Notice of Interlocutory Appeal to the Ninth Circuit regarding the Court's ruling. (Dkt.#49). Additionally, the case was stayed pending resolution of the appeal on March 25, 2005. (Dkt.#80). On November 22, 2005, the Ninth Circuit dismissed Defendant's appeal for lack of jurisdiction. (Dkt.#82). Thus, Defendant has now filed the present Motion for reconsideration allegedly based upon new authority that was not presented to the Court in making its original decision regarding Defendant's Motion to dismiss.

**II.        Standard**

Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied,114 S.Ct. 2742 (1994). Motions for Reconsideration are not the place for parties to make new arguments not raised in their original briefs. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is it the time to ask the Court to rethink what it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Accordingly, courts grant such motions only in rare circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz.1992).

**III.       Law and Analysis**

    **A.        Defendant's Motion For Reconsideration Is Improper**

1  Defendant's argument in support of reconsideration of the Court's order denying
2  Defendant's original Motion to dismiss the counts added subsequent to Defendant's transfer
3  to adult status is that there is relevant case law that the Court should have considered when
4  rending its order. Specifically, in Defendant's Motion it contends that this is controlling case
5  law that was not cited by the parties or the Court's legal staff that is dispositive of the issue.
6  The case at hand is United States v. Thomas, 114 F.3d 228 (D.C. Cir. 1997). Defendant's
7  Motion mistakenly classified this case as Ninth Circuit authority and controlling; however,
8  after recognizing that this case is actually from the DC Circuit; Defendant argues in his Reply
9  brief that this case and its progeny should still be considered as they suggest the Court's
10  previous ruling be reconsidered.

11  Defendant's Motion is improper for several reasons. First, Defendant is essentially
12  requesting the Court to consider an argument based upon a case(s) that was not cited, but
13  available at the time of Defendant's brief. See Collins, 252 F.Supp.2d at 938 (holding
14  motion for reconsideration is not place for parties to make new arguments not raised in the
15  brief). Second, this case and the others cited by the Defendant do not rise to the level of
16  newly discovered evidence justifying review. See ACandS, Inc., 5 F.3d at 1263 (holding that
17  failure to file documents with original motion does not turn them into newly discovered
18  evidence). Thirdly, because this case comes from the D.C. Circuit it is obviously not
19  controlling, thus cannot be deemed to be an intervening change in "controlling law." Id.
20  Lastly, as explained below, the Court's decision was not based upon clear error and was not
21  manifestly unjust.

22  **B.       Defendant's New Argument Does Not Call For Reconsideration**

23  In the alternative, even if Defendant's motion were proper it does not call for the Court to
24  reverse itself. Defendant cites Thomas for the proposition that a district court is not
25  permitted, pursuant to the FJDA, 18 U.S.C. §§ 5031, *et seq*. to exercise jurisdiction over new
26  charges asserted against a defendant recently transferred to adult status unless the new
27  charges are processed through a juvenile transfer hearing. Thus, here, because the
28

1  government indicted the Defendant with additional charges without a specific transfer
2  hearing, Defendant asserts these counts should be dismissed.

3  Defendant notes that in <u>Thomas</u>, co-defendant Donnell Williams was charged for
4  violations of federal conspiracy law committed before as well as after reaching age eighteen.
5  <u>Id.</u> at 264. The court concluded that the FJDA would not have permitted the government to
6  prosecute Mr. Williams at age nineteen for substantive offenses completed before he turned
7  eighteen or for conspiracy which he abandoned before reaching age eighteen without first
8  obtaining a FJDA requested transfer from the juvenile court to the adult court. <u>Id.</u> And with
9  respect to the continuing conspiracy involved, the government had to either obtain a transfer
10 of the defendant to adult status or prove that the defendant personally engaged in some
11 affirmative act in furtherance of the conspiracy after turning eighteen. <u>Id.</u> Defendant argues
12 this decision is instructive to the present case because the substantive offenses that were
13 added after Defendant's transfer hearing relate to conduct occurring while Defendant was of
14 juvenile age, thus should have been brought to this Court through a transfer hearing.

15 Defendant also cites multiple other authorities to hammer home this point. For instance
16 Defendant cites the Sixth Circuit's ruling in <u>U.S. v. Maddox</u>, 944 F.3d 1223, 1233 (6th Cir.
17 1991). In <u>Maddox</u>, the court found because the government presented evidence that the
18 defendant committed conspiratorial acts after becoming an adult he could be prosecuted as
19 an adult. <u>Id.</u>. However, by inference, if no such evidence existed it would have been
20 improper for the court to permit the charges against him as an adult. <u>Id.</u>; <u>see also</u> <u>U.S. v.</u>
21 <u>Delatorre</u>, 157 F.3d 1205 (holding that "jury may not convict an adult defendant solely on
22 the basis of "acts of juvenile delinquency," thereby eviscerating the protections afforded
23 juveniles under the JDA;" instead, the jury must find evidence of post-juvenile conduct to
24 establish his culpability as an adult).

25 Defendant also notes instances in which the government has dismissed counts against a
26 defendant relating to activities of juvenile age that accompanied legitimate counts involving
27 post-juvenile age. For instance in <u>U.S. v. Spoone</u>, 741 F.2d 680, 687 n. 2 (4th Cir. 1984) the
28 government dismissed three substantive counts associated with a continuing conspiracy count

- 4 -

1 where it learned that the substantive offenses occurred while the defendant was only
2 seventeen. Id. The court noted that to assert such counts would run contrary to the FJDA.
3 Id.; see also U.S. v. Davilla, 911 F. Supp 127 (S.D.N.Y. 1996) (court dismissed non-
4 conspiracy offense when it learned that it occurred solely when defendant was of minority
5 age).

6 Lastly, Defendant argues that there is authority in the Ninth Circuit which would suggest
7 that reconsideration is required. Specifically, Defendant relies on U.S. v. Doe, 631 F.2d 110
8 (9th Cir. 1980). In Doe, the Ninth Circuit made clear that if a defendant is charged with an
9 offense that occurred while under the age of eighteen and the charges are filed before the age
10 of twenty-one then the case falls within juvenile jurisdiction and the government must follow
11 the procedures of the FJDA to secure adult prosecution, *i.e.* transfer. Id. at 113.

12 Despite Defendant's citation of multiple additional authorities, the Court finds these
13 arguments unpersuasive. Noticeably absent from all of the cases cited by the Defendant is
14 authority in which a court, after transferring the juvenile to adult status, held that similar
15 transfer procedures were required to assert additional charges, as was done in this case. This
16 issue was addressed in the Court's previous order and the Court sees no reason to reverse
17 itself based upon what Defendant has presented.

18 As noted by this Court in its original order, "[t]he Delinquency Act contemplates that a
19 juvenile may be charged with additional crimes post-transfer." (December 23, 2004 Order,
20 p. 3). The Act provides in pertinent part:

> Whenever a juvenile is transferred to district court under this section is not convicted of the crime upon which the transfer was based **or another crime which would have warranted transfer had the juvenile been *initially* charged with that crime**, further proceedings concerning the juvenile shall be conducted pursuant to the provisions of this chapter.

24 18 U.S.C. § 5302 (emphasis added).

25 Additionally, as the government points out, in Thomas the court expressly noted that:

> under the FJDA, if a juvenile is transferred to adult court, but is not convicted of the crime upon which the transfer was based **or another crime that would have warranted transfer had the juvenile been initially charged with that crime**, any further proceedings

- 5 -

      concerning the juvenile must be conducted under the terms of the FJDA.

Id. at 266 (emphasis added).

Thus, as previously held, this Court finds the statutory language of § 5302 to be controlling in permitting the assertion of additional charges against a defendant when the defendant has been transferred to adult status. See U.S. v. Gerald, 900 F.2d 189, 191 (9th Cir. 1990) (noting that "proceedings under the Federal Juvenile Delinquent Act result in the adjudication of status rather than a conviction of the crime.").

**IV.     Conclusion**

The Court finds Defendant's motion for reconsideration to be unwarranted for two reasons. First, it is a request to the Court to consider argument that could and should have been made in the original briefing. See Collins, 252 F.Supp.2d at 938. Second, even when considering the authority raised by Defendant it is clear that it does not justify reconsideration. Based upon the statutory language of the FJDA, 18 U.S.C. § 5302, this Court finds that the government was permitted to assert additional charges against the Defendant after he was transferred from juvenile to adult status.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion for reconsideration. (Dkt. #81).

DATED this 24th day of January, 2006.

_____
Mary H. Murguia
United States District Judge